# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| JAMES O'QUINN,<br>AIS #227546,<br><br>    **Plaintiff,**<br><br>v.<br><br>JEFFERSON DUNN,<br>COMMISSIONER OF THE<br>ALABAMA DEPARTMENT OF<br>CORRECTIONS in his official and<br>individual capacities; DEBORAH<br>TONEY, in her official and<br>individual capacities; JOSEPH<br>HEADLEY, in his official and<br>individual capacities; JESSE<br>WHITE, MIKE JONES, JEREMY<br>PELZER, LT. JOSHUA and<br>CORRECTIONS OFFICER<br>BREWER in their official and<br>individual capacities,<br><br>    **Defendants.** | CASE NO.: _____ |

## COMPLAINT

For his Complaint against Defendants named herein, James O'Quinn states:

## PARTIES

1.  Plaintiff, James O'Quinn, is a male over the age of 21 who is currently an inmate at the Alabama Therapeutic Education Facility in Columbiana, Alabama.

2.  O'Quinn was an inmate at Limestone Correctional Facility, which is located in the Northern District, at the time of the subject occurrence.

1

3. Defendant Jefferson Dunn is a male over the age of 21 who resides within the Middle District of Alabama and is named here in both his official and individual capacities.

4. Defendant Jefferson Dunn is the Commissioner of the Alabama Department of Corrections (ADOC).

5. Defendant Warden Deborah Toney is a female over the age of 21 and, upon information and belief, resides within the Northern District of Alabama.

6. Defendant Toney was the Warden of Limestone Correctional Facility at all times relevant to this lawsuit and is named in both his official and individual capacities.

7. Defendant Toney, as Warden, was legally responsible for prison operations at Limestone Correctional Facility, as well as for the safety and welfare of the inmates confined there.

8. Defendant Jesse White is a male over the age of 21 and, upon information and belief, resides within the Northern District of Alabama.

9. Defendant White was a correctional officer of the Alabama Department of Corrections who was, at all times relevant to this lawsuit, assigned to Limestone Correctional Facility.

10. Defendant Mike Jones is a male over the age of 21 and, upon information and belief, resides within the Northern District of Alabama.

11. Defendant Jones was a correctional officer of the Alabama Department of Corrections who was, at all times relevant to this lawsuit, assigned to Limestone Correctional Facility.

12. Defendant Jeremy Pelzer is a male over the age of 21 and, upon information and belief, resides within the Northern District of Alabama.

13. Defendant Pelzer was a correctional officer of the Alabama Department of Corrections who was, at all times relevant to this lawsuit, assigned to Limestone Correctional Facility.

14. Defendant Lt. Joshua is a male over the age of 21 and, upon information and belief, resides within the Northern District of Alabama.

15. Defendant Joshua was a correctional officer of the Alabama Department of Corrections who was, at all times relevant to this lawsuit, assigned to Limestone Correctional Facility.

16. Defendant Corrections Officer Brewer is a male over the age of 21 and, upon information and belief, resides within the Northern District of Alabama.

17. Defendant Brewer was a correctional officer of the Alabama Department of Corrections who was, at all times relevant to this lawsuit, assigned to Limestone Correctional Facility.

## JURISDICTION AND VENUE

18. O'Quinn brings this action pursuant to the Enforcement Acts, as codified at 43 U.S.C. §§ 1983, 1986 and 18 U.S.C. § 242, and the law of the State of Alabama.

19. This Court has original jurisdiction over this action and the claims made herein pursuant to 28 U.S.C. § 1331.

20. Venue is proper in the Northern District of Alabama, given that O'Quinn and most of the Defendants in this action presently reside in the Northern District and the events giving rise to this action occurred in the Northern District of Alabama.

## FACTS

21. Prior to the incident complained of herein, O'Quinn was convicted and sentenced to confinement with the Alabama Department of Corrections.

22. In December 2020, the Department of Justice (DOJ) initiated an action under the Civil Rights of Individualized Persons Act (CRIPA) against ADOC due to the unconstitutional level of violence from inmate-on-inmate attacks and a pattern of excessive force by corrections officers suffered by O'Quinn and other inmates at Limestone and other state correctional facilities.

23. Prior to filing the CRIPA action, the DOJ conducted a lengthy and thorough investigation, which confirmed that there has been a longstanding pattern

and practice of corrections officers using excessive force against prisoners at Limestone and other ADOC correctional facilities.

24. At the time of the severe beating suffered by O'Quinn on or about March 29, 2019, which is the subject of this lawsuit, he was incarcerated at Limestone Correctional Facility, a medium-security correctional facility located in Limestone County, Alabama.

25. On or about March 29, 2019, O'Quinn was in the H-Dormitory kitchen preparing something to eat, when he was approached by a correctional officer, who stated that he appeared intoxicated and immediately placed O'Quinn in handcuffs, securing his hands behind his back.

26. O'Quinn was compliant as he was marched to the H-Dormitory gate and turned over to the custody of Defendant correctional officers White and Defendant Brewer, for the purpose of taking O'Quinn to the shift office.

27. While being escorted down the hallway with an officer on either side of O'Quinn and O'Quinn's hands cuffed behind his back, White took his own arm and placed O'Quinn in an "arm bar takedown" position, which is known to place undue stress and cause excruciating pain to an inmate's shoulders.

28. When O'Quinn complained that they were hurting him, White kicked O'Quinn's legs out from under him, causing him to fall to the ground, striking his head on the cement floor.

29. While O'Quinn was on the floor, still handcuffed, Brewer immediately began spraying mace into his face, as White began kicking and beating O'Quinn, striking him in the back of the head.

30. The beating and macing of O'Quinn by White and Brewer continued as Defendants Lieutenant Joshua, Lieutenant Jones and Sergeant Pelzer arrived on the scene. Officers continued to kick and punch O'Quinn

31. O'Quinn remained on the ground, where he was kicked all over his body and repeatedly struck in the face and head. Because he had been beaten and maced and was in and out of consciousness, O'Quinn is not sure which officers participated and which officers witnessed the beating but did nothing to stop it.

32. During the course of the assault, O'Quinn sustained serious traumatic injuries to his head, face and body including, but not limited to, a traumatic brain injury, permanent hearing loss, vision loss, numerous contusions on his body, as well as mental and emotional injuries.

## COUNT I
## 42 U.S.C. § 1983
### EIGHTH AMENDMENT-EXCESSIVE FORCE

33. O'Quinn adopts and incorporates by reference paragraphs 1 through 33 of this Complaint.

34. The Eighth Amendment places a prohibition on cruel and unusual punishment.

35. The unnecessary and wanton infliction of pain by Defendant against O'Quinn constitutes excessive force and is a violation of the Eighth Amendment.

36. Defendants' use of force was excessive and unnecessary under the circumstances.

37. The pain inflicted was malicious and sadistic and solely for the purpose of causing harm to O'Quinn, and not in any way a good faith effort to maintain or restore discipline.

38. O'Quinn was not a threat and, in fact, virtually defenseless against the two guards that accompanied him while his hands were cuffed behind his back.

39. Defendants' use of force was disproportionate to the amount of resistance by O'Quinn, if any.

40. It is clear and unequivocal that the force used by Defendants against O'Quinn was excessive and unnecessary, particularly when O'Quinn was on the ground, handcuffed, calling for help and begging Defendants to stop beating him.

41. Defendants' unlawful use of excessive force caused serious permanent injuries to O'Quinn.

## COUNT II
## EIGHTH AMENDMENT-
## FAILURE TO PROVIDE ADEQUATE MEDICAL CARE

42. O'Quinn adopts and incorporates by reference paragraphs 1 through 41 of this Complaint.

43. On or about March 29, 2019, as a result of being beaten by Defendant prison guard, O'Quinn sustained serious injuries to his head, body and hands.

44. On March 30, 2019, O'Quinn filled out a sick call request form, stating that his face hurt, that his hands were numb and swollen and that he believed he had broken ribs. Defendants refused to provide any medical evaluation or treatment for his injuries.

45. On March 31. 2019, O'Quinn filled out another form requesting medical treatment for blurry vision, dizziness and severe headaches due to the head injury he sustained in the beating, as well as a complaint about numbness in his hands. Defendants again ignored his request for medical treatment.

46. On April 1, 2019, O'Quinn filled out a third request for medical treatment, complaining of a severe pressure headache with dizziness and nausea, explaining that he had sustained blunt force trauma to his head. He further stated that he was bleeding from his left ear, that his hands were still numb, that he had bruised or cracked ribs. Defendants once again refused to provide any medical treatment for O'Quinn's serious injuries.

47. On April 21, 2019, O'Quinn made yet another sick call request for medical treatment due to severe headaches, blurred vision, reduced hearing in his right ear and numbness in both hands. O'Quinn never received a proper evaluation

and/or medical treatment for the serious injuries that he sustained as a result of the severe beating he received from Defendants.

48. Defendant's failure to respond to O'Quinn's repeated sick call requests demonstrates that Defendants were deliberately indifferent to O'Quinn's need for medical treatment for his serious injuries.

49. Deliberate indifference to a serious medical need is a constitutional violation because it constitutes the unnecessary and wanton infliction of pain, which is proscribed by the Eighth Amendment.

## COUNT III
## 42 U.S.C. § 1986
### NEGLECT TO PREVENT

50. O'Quinn adopts and incorporates by reference paragraphs 1 through 49 of this Complaint.

51. Defendants have a constitutional duty to operate prisons in a manner that is not deliberately indifferent to conditions that pose "a substantial risk of serious harm" to prisoners.

52. Defendants, through their acts and omissions, have engaged in a pattern or practice of systemic deficiencies that resulted in the pattern or practice by Limestone correctional officers of using excessive force.

53. A corrections official acts with deliberate indifference when he "knows of and disregards an excessive risk to a prisoner's health or safety but fails to do anything to prevent the harm.

54. Defendants were aware that there was a high incidence of officer-on-prisoner violence at Limestone, that was likely to result in serious harm, even death, to an inmate, if left unchecked.

55. Defendants knew that excessive force by correction officers was a common occurrence at Limestone that was likely to result in serious injuries, like those sustained by O'Quinn and other inmates.

56. Defendants failed to implement and enforce policies, procedures, and practices regarding use of force that appropriately guide and monitor the actions of individual security staff.

57. Defendants, through their acts and omissions, have routinely failed to take any corrective measures or punitive actions against corrections officers who violated prisoners' rights, thus allowing this pattern and practice of abuse to continue in violation of prisoners' right to be free from cruel and unusual punishment.

58. However, when an official knows that a person habitually causes the violation of the constitutional rights of prisoners in his custody but does nothing

about it, he essentially establishes a policy of allowing or even causing the violation of constitutional rights.

59. Whether a particular use of force by a correctional officer violates the Constitution depends on whether force is applied "in a good-faith effort to maintain or restore discipline" or instead is administered "maliciously and sadistically to cause harm."

60. There is ample evidence to support the contention that the force applied by correctional officers at Limestone is excessive and administered in a malicious and sadistic manner, for the purpose of causing harm to inmates, like O'Quinn, in violation of the Eighth Amendment to the Constitution.

61. Although policy requires that, whenever a use of force occurs within an Alabama prison, a warden or captain is required to conduct an initial investigation, there is ample evidence to suggest that either no investigation is performed, the investigation is inadequate, or that the incident is not properly documented and/or reported.

62. However, even when these incidents are properly investigated and reported, there is generally very little action, if any, taken.

63. Upon information and belief, reports of improper behavior by prison guards are regularly reported to Dunn.

64. Despite his knowledge of the well-established pattern and practice of correctional officers inflicting unconstitutional violence on inmates, Dunn has done nothing to stop the civil rights violations that have occurred at Limestone Correctional Facility.

65. Dunn's failure to act violates 42 U.S.C. § 1986.

WHEREFORE, O'Quinn prays this Court will award all such compensatory and punitive damages, injunctive relief, attorneys fees and costs and such other and further relief to which he may be entitled, including but not limited to:

    a.    Compensatory damages and punitive damages against Defendants for violations of the Enforcement Acts;

    b.    Injunctive relief against Dunn and Toney in their individual and official capacities under the Enforcement Acts so as to bar them from further violation of O'Quinn's rights under the Eighth Amendment;

    c.    Injunctive relief against Dunn in his individual and official capacity to prevent his further violation of 42 U.S.C. § 1986;

Respectfully submitted,

/s/ Michele E. Pate
Michele E. Pate (ASB-4457-E49F)
Law Office of Michele E. Pate
P. O. Box 3391
Jasper, Alabama  35502
(205) 275-1700
mpatelaw@gmail.com

***Attorney for Plaintiff***