# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| JAMES O'QUINN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:21-cv-00461-LSC-SGC |
| | ) |
| JEFFERSON DUNN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

The plaintiff, James O'Quinn, initiated this matter by filing a complaint through counsel on March 29, 2021. (Doc. 1). The complaint is before a Magistrate Judge for a preliminary report and recommendation. *See* 28 U.S.C. § 636(b)(1); *McCarthy v. Bronson*, 500 U.S. 136 (1991). For the reasons to follow, the Magistrate Judge recommends Corrections Officer Brewer be dismissed without prejudice under Rule 4(m) of the *Federal Rules of Civil Procedure* and that this case be dismissed in its entirety under Rule 41(b) of the *Federal Rules of Civil Procedure*.

On October 6, 2021, the court directed O'Quinn to show cause why this action should not be dismissed pursuant to Rule 4(m) for O'Quinn's failure to serve any of the defendants. (Doc. 3). O'Quinn responded on October 16, 2021, explaining his delay and submitted evidence that, except for Corrections Officer Brewer, he served each defendant with process between October 12, 2021, and October 14, 2021. (Doc. 4; Doc. 4-1).

On November 1, 2021, defendants Jefferson Dunn, Deborah Toney, Joseph Headley, Jesse White, Mike Jones, Jeremy Pelzer, and Kenneth A. Joshua, Sr. (the "Appearing Defendants") requested an extension of their responsive pleading deadline. (Doc. 5). The court granted that motion and extended the deadline for the Appearing Defendants' to file their responsive pleading to December 2, 2021. (Doc. 6). On November 30, 2021, the Appearing Defendants requested an additional 60-day extension of their responsive pleading. (Doc. 8). In light of the Appearing Defendants' request, as well as the approaching deadline for the parties to submit forms regarding magistrate judge jurisdiction, the court suspended the responsive pleading deadline pending further order. (Doc. 9). After the consent deadline passed, the court directed the Appearing Defendants to file their responsive pleading on or before February 24, 2022. (Doc. 10).

On February 14, 2022, the court directed O'Quinn to again show cause why Brewer, who had still not been served, should not be dismissed from this action under Rule 4(m). (Doc. 11). O'Quinn responded that the Alabama Department of Corrections could not identify Brewer as an employee or provide any information as to his whereabouts and that because the Appearing Defendants had not responded to the complaint he was unable to move forward with discovery to locate Brewer. (Doc. 12).

This case has been pending for more than a year, and O'Quinn still has not served Brewer. Consequently, Brewer is due to be dismissed under Rule 4(m) of the *Federal Rules of Civil Procedure*. Also, the Appearing Defendants failed to respond to the complaint by the February 24, 2022 deadline, and O'Quinn has not moved for entry of default. Accordingly, O'Quinn has failed to prosecute his case, and this matter is due to be dismissed under Rule 41(b) of the *Federal Rules of Civil Procedure*.

## RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** Corrections Officer Brewer be **DISMISSED WITHOUT PREJUDICE** under to Rule 4(m) of the *Federal Rules of Civil Procedure*. The undersigned further **RECOMMENDS** this action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute under to Rule 41(b) of the *Federal Rules of Civil Procedure*.

## NOTICE OF RIGHT TO OBJECT

The plaintiff may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within **14 days.** The plaintiff must identify every objectionable finding of fact or recommendation and state the specific basis for every objection. The plaintiff also must identify every claim in the complaint that the report and recommendation has

not addressed. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

A plaintiff who fails to object to factual or legal conclusions in the Magistrate Judge's report and recommendation waives the right to challenge on appeal those same conclusions adopted in the District Judge's order. Without a proper objection, however, the court on appeal may review the unobjected-to factual and legal conclusions for plain error if necessary in the interests of justice. 11th Cir. R. 3-1.

After receiving the plaintiff's objections, a District Judge will conduct a *de novo* review of the relevant portions of the report and recommendation and may accept, reject, or modify in whole or in part the Magistrate Judge's findings of fact and recommendations. The District Judge also may refer this action back to the Magistrate Judge with instructions for further proceedings.

The plaintiff may not appeal the Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may appeal only from a final judgment entered by a District Judge.

**DONE** this 11th day of April, 2022.

/s/ Staci G. Cornelius
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE