# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| JAMES O'QUINN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:21-cv-00461-LSC-SGC |
| | ) |
| JEFFERSON DUNN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On April 11, 2022, the magistrate judge entered a report recommending all of the claims in this matter be dismissed. (Doc. 13). As to the claims against one of the named defendants, Officer Brewer, the magistrate judge recommended dismissal under Rule 4(m) of the *Federal Rules of Civil Procedure*; the report recommended dismissal of the remaining claims under Rule 41(b). (Doc. 13). The plaintiff filed objections, as well as motions seeking entry of default and default judgment. (Docs. 14-16). As explained below, the report and recommendation is due to be adopted in part. Specifically, the claims against Officer Brewer are due to be dismissed under Rule 4(m); the recommendation will be rejected as to the remaining claims.

In response to an October 6, 2021 order to show cause, O'Quinn explained he had been unable to serve Officer Brewer, whom the Alabama Department of Corrections ("ADOC") could not identify as ever having been an employee. (Doc.

3; Doc. 4 at 2). On February 14, 2022, the court directed O'Quinn to again show cause why Brewer, who had still not been served, should not be dismissed from this action under Rule 4(m). (Doc. 11). O'Quinn responded that: (1) ADOC could not identify Brewer as an employee or provide any information as to his whereabouts; and (2) because none of the other defendants had responded to the complaint, he was unable to engage in the discovery necessary to locate Brewer. (Doc. 12). O'Quinn's objections do not add anything further to the question of Brewer's identity or whereabouts. (Doc. 16). Under these circumstances, O'Quinn's claims against Brewer—which have been pending for over a year without perfecting service—are due to be dismissed without prejudice. FED. R. CIV. P. 4(m).

Unlike Brewer, the remaining seven defendants—Jefferson Dunn, Deborah Toney, Joseph Headley, Jesse White, Mike Jones, Jeremy Pelzer, and Kenneth A. Joshua, Sr.—have been served. (*See* Doc. 4-1). Moreover, counsel has appeared on behalf of these defendants. (Docs. 5, 8). After the appearing defendants' second motion seeking an extension of the responsive pleading deadline, the magistrate judge suspended the responsive pleading deadline pending further order. (Docs. 8, 9). The magistrate judge subsequently ordered the appearing defendants to respond to the complaint by February 24, 2022. (Doc. 10). To date, the appearing defendants have failed to respond to the complaint, even after: (1) the magistrate judge entered

the report and recommendation; and (2) the plaintiff filed motions seeking entry of default and default judgment.

The plaintiff's motion for entry of default as to the appearing defendants constitutes a belated prosecution of his claims. Accordingly, the magistrate judge's report will be rejected to the extent it recommends dismissal for failure to prosecute claims against the appearing defendants.

After careful consideration of the record in this case, including the magistrate judge's report and O'Quinn's objections, the court **ADOPTS** the report; the recommendation is **ACCEPTED IN PART**. Specifically, the claims against Brewer are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(m). To the extent the report recommended dismissal of the remaining claims for failure to prosecute, it is **REJECTED IN PART**. Those claims will proceed, and the Clerk is **DIRECTED** to address the motion for entry of default under Rule 55(a). (Doc. 14).[1]

---

[1] Rule 55 creates a two-step process for obtaining a default judgment; a clerk's entry of default precedes a motion for default judgment. *See Deforest v. Johnny Chisholm Glob. Events, LLC,* No. 08-498, 2010 WL 1792094 (N.D. Fla. May 4, 2010). Here, the plaintiff's motion for default judgment is premature. (Doc. 15). However, because the Clerk will address the motion for entry of default in short order, the motion for default judgment will not be denied on that basis. *See Frazier v. Absolute Collection Serv., Inc.,* 767 F. Supp. 2d. 1354, 1360 n.1 (N.D. Ga. Feb. 3, 2011).

**DONE** and **ORDERED** on June 13, 2022.

_____
L. Scott Coogler
United States District Judge

160704