UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| MIRIAM TIDWELL, *Administrator of the Estate of James O'Quinn, Deceased*, | )<br>)<br>)<br>) |
| Plaintiff, | )  Case No. 5:21-cv-00461-LSC-SGC |
| v. | )<br>) |
| JEFFERSON DUNN, *et al.*, | )<br>) |
| Defendants. | ) |

**MEMORANDUM OPINION**

On March 1, 2024, the magistrate judge entered a report recommending the defendants' pending motion to dismiss be granted and that all claims in this matter be dismissed. (Doc. 68). Counsel for the plaintiff has filed timely objections. (Doc. 69). As explained below, the plaintiff's objections will be overruled, the magistrate judge's report and recommendation will be adopted and accepted, and the defendants' motion to dismiss will be granted.

The procedural history in this case is summarized below for context; the report and recommendation includes a more detailed recitation. (Doc. 68 at 2-5). This lawsuit concerns an alleged beating suffered by James O'Quinn[1] at the hands of

---

[1] O'Quinn was released from prison and later died of a drug overdose on March 12, 2023. (Doc. 52; *see* Doc. 62-1). Miriam Tidwell, O'Quinn's mother and the administrator of his estate, has been substituted for him and is now serving as the plaintiff. (Doc. 67).

correctional officers at Limestone Correctional Facility on March 29, 2019. (Doc. 59 at 4-6). Plaintiff's counsel filed the initial complaint in this matter two years later, on March 29, 2021—the last day before the statute of limitations expired. (Doc. 1). However, no defendant was served for more than six months and only then following an order to show cause why the case should not be dismissed under Rule 4(m) of the *Federal Rules of Civil Procedure*. (Doc. 68 at 2). In response to the show cause order, counsel explained: (1) she had undergone major surgeries on January 5 and April 26, 2021; and (2) her mother had passed away in Tennessee in September 2021, preceded by a hospitalization beginning on July 2, 2021. (Doc. 4). The plaintiff also explained that all the defendants, with the exception of a defendant identified as "Officer Brewer," had been served. (*Id.*). The plaintiff did not seek an extension of the Rule 4(m) deadline.

On February 14, 2022, the magistrate judge entered another Rule 4(m) show cause order, this one concerning the claims against the still-unserved Officer Brewer. (Doc. 11). Meanwhile, the appearing defendants' deadline to respond to the complaint expired on February 24, 2022, without any response. (*See* Doc. 10). On April 11, 2022, the magistrate judge recommended Officer Brewer be dismissed under Rule 4(m). (Doc. 13). In light of the plaintiff's failure to seek entry of default against the served defendants, the report further recommended all other claims be dismissed for failure to prosecute. (*Id.*). In response, the plaintiff filed a motion for

entry of default, a motion for default judgment, and objections to the report and recommendation. (Docs. 14-16).

On June 13, 2022, the court entered a memorandum opinion and order partially adopting the report and recommendation. (Doc. 17). Specifically, the court: (1) dismissed the claims against officer Brewer under Rule 4(m); and (2) rejected the recommendation to dismiss the remaining claims, finding the plaintiff's motions seeking entry of default and default judgment constituted "a belated prosecution of his claims." (*Id.* at 4). As explained in the magistrate judge's pending report and recommendation, the plaintiff's subsequent and unexplainedly belated filing of an amended complaint further delayed the proceedings this case. (Doc. 68 at 4; *see* Docs. 34-35).

As previously noted, the pending report recommends granting the remaining defendants' motion to dismiss, which is based on the  expiration of the statute of limitations. (Doc. 68). The recommendation primarily is based on the rationale of two cases cited in the defendants' motion: *Stevens v. Holder*, No. 12-1352, 2014 WL 12799005 (N.D. Ga. Jan 31, 2014), and *Veazey v. Young's Yacht Sale & Serv., Inc.*, 644 F.2d 475 (5th Cir. 1981). Generally, those cases support the proposition that claims in a timely-filed lawsuit may become time-barred if the statute of limitations expires before the belated service of a defendant. *See Stevens*, 2014 WL 12799005, at * 12 (denying motion to extend service deadline where plaintiff filed lawsuit on

3

the day before the limitation period expired but failed to serve defendants for over a year); *Veazey*, 644 F.2d at 478-79 (affirming dismissal where the plaintiff filed a timely complaint but failed to serve certain defendants for 21 months, the statute of limitations expiring in the interim).

The magistrate judge considered and rejected the plaintiff's only substantive argument: that her response to the first Rule 4(m) show cause order demonstrated good cause for failure to timely serve the defendants. (Doc. 68 at 9-11). The report concluded that of the events the plaintiff relied upon in responding to the first order to show cause—counsel's surgeries and her mother's illness, hospitalization, and death—only counsel's April 26, 2021 surgery was chronologically relevant. (*Id.* at 9).[2] The magistrate judge reasoned this second surgery did not satisfy the Rule 4(m) good cause standard because, during the relevant time, counsel: (1) was able to file the complaint in this matter; (2) filed motions and briefs in other matters pending in this district; and (3) did not allege she was unable to work during the Rule 4(m) service window. (Doc. 68 at 10).

Although the plaintiff did not argue the point, the magistrate judge also considered whether, in the absence of good cause shown, a discretionary extension of the service deadline was appropriate. (Doc. 68 at 11-13). The report concluded

---

[2] Counsel's January 5, 2021 surgery was nearly three months before she filed the initial complaint. Counsel's mother was hospitalized on July 2, 2021, after the Rule 4(m) deadline expired. (*See* Doc. 68 at 9-10).

a discretionary extension was not warranted here—even in light of the expiration of the statute of limitations—due to counsel's persistent lack of diligence in prosecuting this case. (*Id.*). Accordingly, the magistrate judge recommended the defendants' motion to dismiss be granted and the plaintiff's claims be dismissed. (*Id.* at 14).

The plaintiff's objections do not take issue with the report's factual findings. (Doc. 69). Instead, the plaintiff contends: (1) the court's June 13, 2022 memorandum opinion and order resolved the Rule 4(m) issue, implicitly finding the plaintiff had shown good cause for untimely service; or (2) if not, the court should exercise its discretion and extend the service deadline. (*Id.* at 7-8).[3] The plaintiff also asserts the defendants caused delays in this case by failing to file responsive pleadings and briefs in opposition to the plaintiff's motions. (*Id.* at 4, 7-8). These objections are addressed in turn.

First, the plaintiff casts the June 13, 2022 memorandum opinion and order as showing the court has already answered the Rule 4(m) good cause inquiry in her favor. (Doc. 69 at 7 *see id.* at 3). The memorandum opinion and order in question was prompted by the April 11, 2022 report wherein the magistrate judge recommended: (1) the claims against the unserved Officer Brewer be dismissed

---

[3] The objections also posit that Rule 3 governs the time when an action is commenced for purposes of the statute of limitations. (Doc. 69 at 5). This contention does not bear further discussion here, in light of the cases cited herein.

under Rule 4(m); and (2) all other claims be dismissed for the plaintiff's failure to prosecute. (Doc. 13). The failure to prosecute recommendation was premised on the plaintiff's failure to move for entry of default for more than six weeks after the appearing defendants' extended responsive pleading deadline expired. (*Id.* at 3). The court rejected the recommendation to dismiss the served defendants for failure to prosecute under Rule 41 but made no mention of Rule 4(m) in doing so.[4] (Doc. 17 at 2). Accordingly, contrary to the plaintiff's assertion, the court has not previously addressed—implicitly or otherwise—good cause under Rule 4(m). For the reasons expressed in the magistrate judge's pending report and recommendation, the court finds the plaintiff has not shown good cause for her failure to timely serve the defendants. (*See* Doc. 68 at 9-11). Accordingly, the plaintiff's objections fail in this regard.

Next, the plaintiff contends, in the absence of good cause shown, the court should grant a discretionary extension of the service deadline. (Doc. 69 at 7-8). This argument rests on the fact that any attempt to reassert the plaintiff's claims in a new complaint would be time-barred. For the reasons expressed in the report and recommendation, the plaintiff is not due the benefit of a discretionary extension. (*See* Doc. 68 at 11-13). Finally, while the plaintiff's objections cite the defendant's

---

[4] Conversely, the court explicitly cited Rule 4(m) when dismissing the claims against Brewer. (Doc. 17 at 2).

failure to file a timely answer as an example of delays caused by "both sides," this actually works against the plaintiff. It is true that the defendants did not file timely responses to the complaint once they were belatedly served. However, the plaintiff has the burden of prosecuting her claims. Faced with unresponsive defendants, it was incumbent on the plaintiff to move for entry of default. The failure to do so supports a finding that the plaintiff has consistently failed to prosecute her claims, thus reinforcing the magistrate judge's conclusion that a discretionary extension of the service deadline is not warranted here.

After careful consideration of the record in this case, including the magistrate judge's report and the plaintiff's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. (Doc. 68). Consistent with that recommendation, the defendants' motion to dismiss is due to be granted and all claims in this matter are due to be dismissed.

A separate order will be entered.

**DONE** and **ORDERED** on March 22, 2024.

_____
L. Scott Coogler
United States District Judge

160704